UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

WALTER LEE GRAVES, II                                                                                 **PLAINTIFF**

v.                                                                **CIVIL ACTION NO. 1:10CV-P124-M**

**TAYLOR COUNTY GOVERNMENT et al.**                                **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Walter Lee Graves, II, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**Motion to amend the complaint**

At the same time that he filed his complaint, Plaintiff filed a motion to amend his complaint (DN 3). That motion requests additional injunctive relief and has eight pages of attachments. The attachments are several Taylor County Detention Center grievances made by Plaintiff concerning the allegations in his complaint.

Plaintiff's motion to amend his complaint (DN 3) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within: . . . 21 days after serving it . . . .").

**I. SUMMARY OF CLAIMS**

Plaintiff sues the Taylor County Detention Center and the Taylor County Government and, in their individual and official capacities, the following Taylor County Detention Center employees: Mary Cox, Class D coordinator; Lieutenant Adam Buress; and Jailer Rick

Benningfield. He states that on June 22, 2010, he came back to the Taylor County Detention Center from work release and asked if he had received any mail while he was gone. He states that, in response, he was given mail from the Hardin County Court that was already open. He next alleges that while in isolation from July 13 to July 15, 2010, he was denied stationery and hygiene items. He also alleges that his mother could not visit him on his birthday because she was told, wrongly, that a visit was already scheduled. He next states that on July 20, 2010, he filed a request form to Defendant Buress asking to call his attorney. Defendant Buress replied that Plaintiff could write his attorney but would not be allowed to call. Plaintiff seeks monetary and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Injunctive relief*

Plaintiff is no longer housed at the Taylor County Detention Center. Therefore, Plaintiff's requests for injunctive relief are moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

*Official capacity claims and claims against Taylor County Detention Center*

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of Taylor County Detention Center in their official capacities are actually brought against the Taylor County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Taylor County Detention Center is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Taylor County that is the proper defendant in this case. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). The Court will therefore construe the claims against the Taylor County Detention Center as brought against Taylor County.

When a § 1983 claim is made against a municipality, like Taylor County, a court must

analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under

4

§ 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Several of Plaintiff's claims name as Defendant the Taylor County Detention Center, *i.e.*, his claim that his mail was opened outside of his presence; that he was denied stationery and hygiene items during isolation; and that he was denied a visit by his mother on his birthday. However, for none of these claims, does Plaintiff allege that a Taylor County policy or custom was the moving force. Consequently, by separate Order these claims will be dismissed.

*Claim regarding isolation*

Plaintiff alleges that Defendant Cox illegally assigned him to isolation without going through proper procedures in violation of the Constitution. The Fourteenth Amendment's Due Process Clause protects against deprivations of life, liberty, or property without due process of law. U.S. Const. Amend. XIV; *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) . "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations omitted). "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

Here, Plaintiff does not allege any state-created liberty interest, and to the extent Plaintiff

intended to plead that the Due Process Clause inherently gives rise to a protected liberty interest in his freedom from administrative segregation, that argument fails as "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Id.* at 478. The Sixth Circuit has repeatedly held that placement into administrative segregation is not a qualifying hardship. *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Consequently, this claim will be dismissed.

*Claim regarding access to attorney*

Plaintiff states that when he asked to call his attorney he was told that by Lt. Buress that he could write his lawyer but could not call him. "In order to state a claim for interference with access to the courts, . . . a plaintiff must show actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus -X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (noting that "the requirement that an inmate show 'actual injury' derives from the constitutional principle of standing")). "Meaningful access to the courts is the touchstone." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal citations omitted). The inmate therefore must go one step further and demonstrate that the alleged denial of access to his attorney hindered his efforts to pursue a legal claim. "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578. Here, Plaintiff fails to allege that Defendant's failure to allow him to call his attorney actually caused him injury or prevented him from meaningfully accessing the court. As such, he does not have standing to bring such a claim, and the Court must dismiss this claim concerning Plaintiff's desire to call his attorney for

6

failure to state a claim upon which relief may be granted.

### III. <u>CONCLUSION</u>

For the foregoing reasons, by separate Order, Plaintiff's claims will be dismissed.

Date:


cc: Plaintiff, *pro se*
      Defendants
      Taylor County Attorney
4414.009